BERANEK, Judge.
These consolidated appeals involving a final judgment and an order on attorneys’ fees, grow out of a complex, intra-condo-minium controversy. Plaintiffs/appellants are three individual unit owners and defendants/appellees are the condominium association and its board of directors. We reverse.
The complaint sought a declaratory judgment, an injunction, and damages. The trial court heard testimony and received substantial documentary evidence at a non-jury proceeding. The facts were not in substantial controversy. Most were drawn from the condominium declaration and various other documents of public record. After considering these operative facts, the court entered a final judgment ruling solely on the prayer for injunction. The injunc-tive relief sought was denied on the ground that it would result in unjust enrichment to the plaintiffs. No ruling was made on the general request for declaratory decree nor on the prayer for damages. Plaintiffs appeal and defendants cross appeal. Plaintiffs contest the injunction ruling, but no attack is asserted as to the absence of rulings on damages or declaratory decree. On cross appeal defendants contend the court erred in denying a motion to dismiss for failure to join indispensable parties.
The condominium association was the lessee of real property on which certain recreational facilities were constructed. The rent on the recreation lease was, without serious dispute, a common expense pursuant to the definition stated in Section 718.115, Florida Statutes (1981). In the initial stage of its existence, the association apportioned the total monthly rental of $19,062 in equal assessments of $52.95 per month against each of the 360 condominium units. Eventually, the developer/landlord offered the unit owners a modified individual buy-out proposal whereby each unit owner was allowed, but not required, to purchase a Vaeoth interest in the land which was the subject of the recreation lease. The purchase price was $8,000 per unit. Some 298 unit owners bought a V36oth interest, while 62 owners chose not to purchase. The new landlord (now composed of the original developer and the 298 unit owners purchasers) agreed to reduce the rent to reflect the partial buy-out by simply relieving the purchasers of their proportionate share of the rental assessment and by reducing the association’s total rental obligation by this same amount. The result was that the 62 unit owners who did not purchase an interest were assessed the normal and regular sum of $52.98 per month per unit for the purpose of paying the reduced monthly rent of $3,280.90. The 298 unit owners who bought an interest were not assessed for any portion of the reduced rent.
The plaintiffs asserted that this transaction violated the general condominium law, the declaration of condominium, and the condominium by-laws which all require that each unit owner bear a share of the common expenses proportionate to his or her ownership interest. Plaintiffs specifically relied upon Section 718.115(2), Florida Statutes (1981), and Section 718.116(8), Florida Statutes (1981). Basically, they argued that the rent, now reduced from $19,062 to $3,280.90, was a common expense, and as such the association was required by the above statutes and condominium documents to assess it against all unit owners according to their proportionate share, which, in this case, should have resulted in precisely equal assessments. The result would be that each of the 360 unit owners would pay $9.11 per month instead of $52.95 per month being paid by the 62 unit owners. Plaintiffs contended that the association could not legally waive rent assessment and collection from any unit owner despite the *642 purchase by that unit owner of the interest in the leased property. The trial court found that the rent was a common expense, but denied the request for a mandatory injunction requiring the association to spread the reduced rent among all 360 unit owners.
We reverse. The trial court properly found that the rent due on the recreation lease was a common expense based in part on its designation as such in the condominium documents. Having made that finding, the trial court erred in simply denying all relief to plaintiffs. Section 718.115(2), Florida Statutes (1981), states:
(2)Funds for the payment of common expenses shall be collected by assessments against unit owners in the proportions or percentages provided in the declaration. In a residential condominium, unit owners’ shares of common expenses shall be in the same proportion as their ownership interest in the common elements.
Section 718.116(8), Florida Statutes (1981), prohibiting the waiver of rent provides: “No unit owner may be excused from the payment of his share of the common expense of a condominium unless all unit owners are likewise proportionately excused from payment.” While we are sympathetic with the trial court’s endeavors to fashion an equitable remedy here, it appears that the ruling by the court overlooks these statutory violations.
We are well aware that plaintiffs are appealing only the denial of their request for injunctive relief, and thereby seek to force the assessment of the reduced rent against all unit owners. In their complaint plaintiffs sought to invalidate the documents which effected the rent reduction. Although the court denied this relief no appellate attack is made on the denial of declaratory relief, which might have invalidated the amendment to the long-term lease and the waiver of rent. By limiting their issues on appeal, plaintiffs would have us grant the mandatory injunction and ignore the issue of the validity of the entire transaction which was raised in plaintiffs’ own pleadings. This would result in the payment by all unit owners of the reduced rent rather than the rent which was in effect prior to the partial buy-out. We agree with the trial court that this result is inequitable. We will not permit a party to pick and choose appellate issues so that this Court is forced to rule in such a manner as to effect an inequitable result.
The question of what other and further relief might have been warranted requires consideration of the issues raised on the cross appeal. The defendants contend the court erred in denying their motion to dismiss based on an alleged failure to join indispensable parties. In their motion they asserted the developer/owner and the unit owners who purchased a y36oth interest were indispensable parties. Although the court did not deal with the plaintiffs’ request to invalidate the overall buy-out transaction these parties may well have been indispensable to these issues which were not ruled upon. These parties are at least necessary to full disposition of the claims seeking to invalidate the rent reduction agreement.
In conclusion we hold that the spreading of common expenses involved here was statutorily prohibited and that the trial court erred in finding to the contrary. This error alone requires reversal. We do not, however, find that the trial court was limited to the narrow injunctive relief demanded by the plaintiffs in this appeal. The court, on remand, is still free to fashion an equitable solution to the overall problem which may require the joinder of all interested and necessary parties. We therefore remand the entire matter to the trial court for further proceedings consistent with this opinion. Amendments to the pleadings shall be allowed and further evidence may be presented.
The auxiliary appeal which deals with the award of attorneys’ fees to the defendants is controlled by this decision. The attorneys’ fee award is vacated.
REVERSED AND REMANDED.
DOWNEY and WALDEN, JJ., concur.