STEVENSON, Judge. ■
Several unit owners at Seacrest Tower Condominium appeal an adverse summary judgment of foreclosure for failure to pay monthly rent on a community facilities lease. The lessor permitted any unit owner to purchase an undivided interest in the lease entitling them to a warranty deed and a monthly sum equivalent to the rent. Instead of having each purchasing unit owner mail in a monthly rent cheek only to have the same amount returned, the lessor treated the two payments as counter-balancing accounting entries. Thus, the purchasing unit owners were excused from actually mailing in their rent obligation. The appellants, non-pur-ehasing unit owners, claim that this action resulted in a reduction of rent for purchasing unit owners and violates the principle that all unit owners must share equally in the payment of common expenses. Because we conclude that this procedure does not constitute a reduction in rent for purchasing unit owners, we affirm the judgment below.
The appellants rely on Gallagher v. Seagate of Gulfstream Condominium Assoc., Inc., 423 So.2d 640 (Fla. 4th DCA 1983). There, the lessor of the recreation lease offered an optional buy-out proposal to unit owners. While nonpurchasing unit owners were assessed a reduced monthly rent, purchasing unit owners were not assessed any portion of the rent. Because the Condominium Act provides that rent on a recreation lease is a common expense to be shared by all unit owners, we concluded that excusing one unit owner from payment of his share of the common expenses violates the statute unless all owners are likewise excused from payment. See §§ 718.115 & 116, Fla.Stat.
The facts of the present case are distinguishable from Gallagher in several respects. In Gallagher, the declaration of condominium was amended to reflect a unit owner’s purchase of an interest in the recreation lease and to reflect the reduction in rent due. Purchasing unit owners were excused from any obligation whatsoever to share the monthly assessments. Here the condominium documents were never amended — the rent has not been reduced and remains as set forth in the lease. Each owner, purchasing and nonpurchasing, still has the obligation to pay monthly rent; only the purchasing unit owners receive a like amount in return. Eliminating the duplicitous check writing process does not alter the purchasing unit owner’s obligation.
We have examined the other issues raised by appellant and find no error. We therefore affirm the trial court’s final summary judgment of foreclosure.
AFFIRMED.
ANSTEAD and PARIENTE, JJ., concur.